IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA DONALD, ) | |
| ) | Case No. 20 cv 6815 |
| Plaintiff, ) | |
| v. ) | Hon. Elaine E. Bucklo |
| ) | |
| CITY OF CHICAGO *et al.*, ) | Magistrate Judge Jeffrey Cole |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S OBJECTION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant City of Chicago ("the City"), through its attorney, Celia Meza, Acting Corporation Counsel of the City of Chicago, submits the following objection to the Motion to Amend the Complaint of Plaintiff Cynthia Donald ("Donald") pursuant to Fed. R. Civ. P. 15(a)(2).

Donald seeks leave to file an amended complaint to assert an additional count against the City pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("the Act"). *See* Plaintiff's Motion for Leave to Add Counts VI and VII to Complaint *Instanter*, CM/ECF # 29. The exhibits attached to the proposed pleading reflect that Donald failed to properly and timely exhaust her state administrative remedies as a prerequisite to filing the proposed claim.

Specifically, Donald attached a notice dated July 20, 2020 from the United States Department of Justice, advising Donald of her right to file suit on her Equal Employment Opportunity Commission ("EEOC") Charge No. 440202003172. *See* proposed Amended Complaint, Exhibit A, CM/ECF #29-2. Donald also attached a notice from the Illinois Department of Human Rights ("the Department") dated October 30, 2020, reflecting that Donald filed a perfected charge on October 14, 2020 and that Donald requested the Department "opt out" of the investigative and administrative process on October 21, 2020. *See* proposed Amended

Complaint, Exhibit A, CM/ECF #29-2. A copy of Donald's "perfected charge" filed with the Department on October 14, 2020 is attached to this objection as Exhibit A.

These exhibits reflect that Donald did not advise the Department of the final disposition of her EEOC Charge within 30 days of receipt as required to preserve her rights under the Act. Pursuant to section 7A-102 of the Act, Donald was required to advise the Department of the EEOC's determination on her charge within 30 days after service of the determination by the EEOC on the complainant. 775 ILCS 5/7A-102(A-1)(1). Likewise, section 2520.490 of the Department's regulations states:

> a) The following will apply to all charges filed after August 26, 2011 with the Equal Employment Opportunity Commission (EEOC) and dual filed with the Department pursuant to Section 7A-102(A-1) of the Act:
>
> 1) The charge will be initially investigated by the EEOC pursuant to the EEOC's rules and procedures.
>
> 2) The Department will not take any action on the charge until the EEOC issues its final determination.
>
> 3) Within 30 days after receiving the final determination from the EEOC, the complainant must submit a copy of the EEOC's determination to the Department *in order to preserve the complainant's rights under the Act*.

56 Ill. Admin. Code 2520.490(a) (emphasis added). Donald did not advise the Department of the EEOC's determination on her charge within 30 days after the Department of Justice's service of its notice dated July 20, 2020. She thereby failed to preserve her rights under the Act and her proposed claim is deficient for failure to timely and properly exhaust her administrative remedies.

Alternatively, if Donald's IDHR charge is deemed to have been filed with the Department on October 14, 2020, as reflected in the notices served on Donald and the City, it was untimely in that it was filed more than 300 days after Defendant Eddie Johnson's termination as Police

Superintendent on December 2, 2019. For this alternative reason, the proposed additional count is untimely and fails to state a claim.

Although leave to amend should be liberally granted under Fed. R. Civ. P. 15(a), the district court does not abuse its discretion in denying leave when the amendment would be futile. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020). Donald's proposed count VII against the City is subject to dismissal and therefore amendment to file the same should be denied.

For the foregoing reasons, the Defendant City of Chicago respectfully requests the Court deny Plaintiff Cynthia Donald's Motion for Leave to Add Counts VI and VII to Complaint *Instanter* and other relief the Court deems appropriate.

Dated: January 28, 2021  Respectfully submitted,

CELIA MEZA
Acting Corporation Counsel of the City of Chicago

By: *s/ Mark J. Bereyso*
Mark J. Bereyso
Chief Assistant Corporation Counsel
Attorney for Defendant City of Chicago

City of Chicago, Department of Law
Employment Litigation Division
2 North LaSalle Street, Suite 640
Chicago, Illinois 60602
mark.bereyso@cityofchicago.org