**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA DONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 20 C 6815** |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The City has filed a Motion for a Protective Order directing the plaintiff and defendant, Eddie Johnson, the City's former Superintendent of Police, to submit interrogatories to Mayor Lightfoot in lieu of her having to sit for a deposition requested by the plaintiff and defendant, Johnson. [Dkt. # 104]. For the following reasons, the motion is granted.[1]

Decisions in this District and throughout the country have, on occasion, exempted certain high-level public officials like the Mayor and high level executives from having to be deposed. Under the so called "apex" doctrine, courts have discretion to protect certain individuals from being actually being deposed if: (1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses; (3) the information can be garnered from other discovery methods; or (4) sitting for the deposition would impose a significant hardship in light of the officer's other duties. *See generally* Iain Johnston, *Apex Witness's Claim They are Too Big to Depose,* 41 LITIGATION 41 (Fall 2014). *See Bogan v. Boston*, 489 F.3d 417, 423 (1st Cir.

---

[1] Johnson is charged with having subjected the plaintiff to unwanted and uninvited sexual advances, abuse, harassment – including being forced to consent to actual sex – and with having created a hostile work environment.

2000); *DeLeon-Reyes v. Guevara*, 2021 WL 3109662, at *3 (N.D. Ill. 2021); *Lee v. City of Chicago*, 2021 WL 2399999, at *2 (N.D. Ill. 2021); *Little v. JB Pritzker for Governor*, 2020 WL 868528, at *1 (N.D. Ill. 2020). *See also United States v. Morgan*, 313 U.S. 409, 422 (1941).

But calling what has colloquially come to be known as the apex "doctrine" a doctrine is a bit inexact. In reality, it is not a doctrine in the strict sense of the word at all. It is "not an ironclad rule, [it] bespeaks sensitivity to the risk that very valuable executive time would be wasted where the officer has no real information." *Dyson, Inc. v. Sharkninja Operating LLC*, 2016 WL 1613489, at *1 (N.D. Ill. 2016) (citing 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, Federal Practice and Procedure § 2036 n.7 (3d ed. 2010)). It ultimately involves an exercise of the court's vast, unquestioned discretion. Discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Pruitt v. Mote,* 2006 WL 3802822 (7th Cir.2006); *Rogers v. Loether,* 467 F.2d 1110, 1111–12 (7th Cir.1972)(Stevens, J.). Thus, on virtually identical facts, two decision-makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008); *Johnson v. Daley,* 339 F.3d 582, 593–594 (7th Cir.2003)("the district judge's substantial discretion ... ensures inconsistency.").

So, what is the information at issue here? The plaintiff alleges that, as Defendant, Johnson's personal driver, she was subjected to three years of sexual harassment and enforced sexual activity, which continued until October 16, 2019. On that evening, Defendant, Johnson, allegedly ordered plaintiff to accompany him to a restaurant. That was the night Defendant, Johnson, was found asleep in his car, allegedly intoxicated. That prompted an investigation by Chicago's Office of the Inspector General. As the investigation proceeded, the Mayor learned of Defendant, Johnson's alleged abuse

of the plaintiff. She allegedly directed Mr. Johnson to demote the plaintiff by "dumping" her back in the First District, away from headquarters. But, instead, Mr. Johnson allegedly transferred the plaintiff to the records department on the second floor of headquarters so that he could more easily continue to hold sway over her. [Dkt. #63, at 2-4]. That, at least, is what is charged.

Ruling on the City's Motion to Dismiss, Judge Bucklo noted that the City can be strictly liable for Defendant, Johnson's alleged harassment of the plaintiff if it culminated in a tangible employment action, such as a demotion or an undesirable assignment. Judge Bucklo found that the transfer to the records department was arguably a tangible employment action. She further found that plaintiff alleged it was Defendant, Johnson's doing, not the Mayor's. The Mayor directed Johnson to do one thing; he did another. Finally, as to the City's arguments that the reassignment did not involve a reduction in pay or resulted in no more than a minor change in working conditions, Judge Bucklo said that was a question of fact for down the road. [Dkt. #63, at 7-8]

The question in this discovery controversy is limited to what kind of evidence the Mayor's deposition can bring to the table? The plaintiff and Defendant, Johnson, argue that the Mayor was directly involved with the adverse action taken against plaintiff, whom, according to Defendant, Johnson, Mayor Lightfoot called a "bitch," who needed to be "dumped" to a different district, and it had to be "fucking [ ] done today." [Dkt. #109, at 2, 5, 6, 10, 11]. The plaintiff and Defendant, Johnson, both claim they are entitled to depose the Mayor "to hear her account; learn what she knew; when, how, and through whom she learned such information; what she chose to do with that information; and of course, why." [Dkt. #109, at 10]. But plaintiff and Defendant, Johnson, offer no explanation of how any of this ties into the issue as Judge Bucklo framed the controversy. Again, Defendant, Johnson, did not follow the Mayor's purported directive. And, even at that, the question

3

remains whether the plaintiff took a pay cut or suffered no more than a minor change in working conditions. That the Mayor allegedly had coarse words for the plaintiff or allegedly thought ill of her, even if true, does not move the needle on these questions, and the plaintiff and Defendant, Johnson, fail to explain otherwise, choosing instead to use their response brief to do little more than reiterate the quotes from the Mayor a half dozen times or so.

Accordingly, the City's Motion for a Protective Order is granted, and the parties are directed to submit written interrogatories in lieu of an oral deposition on the Mayor's alleged statements pertaining to plaintiff's transfer. The court notes that the plaintiff and Defendant, Johnson, have expressed concern that the City will obfuscate even this less burdensome process with boilerplate objections and evasive and incomplete answers requiring further meet-and-confers and motion practice. [Dkt. #109, at 9]. And while bitter experience of courts throughout the country with needless discovery disputes may provide a basis for the concern that has been expressed over the consequences predicted were the City's present motion to be granted, there is no inevitability about the plaintiff's predictions of irresponsible behavior by the City and the Mayor. Not only is it impossible to predict events still in the "womb of time," *Dennis v. United States*, 341 U.S. 494, 551(1951)(Frankfurter, J., concurring), but even more importantly, "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).

The City, however, should make no mistake: the course advocated by the City and adopted by this Opinion does not mean that, depending on future events, the Mayor will be exempt from the principle that "the public has a right to every man's evidence." *Trump v. Vance*, _U.S._, 140 S. Ct. 2412, 2420 (2020). Lawyers, including the City's lawyers, rightly expect the court to enforce notices and subpoenas for depositions. Over the years, there have been scores of cases involving the City as a party, and, seldom, if ever, did it appear that the City had the slightest regard for how busy the witnesses they subpoenaed might be – even non-party witnesses were treated with the same apparent disregard. The City's chief concern in all too many cases, appeared to be with setting a time when the witness could be deposed. While my experience is not conclusive on the matter – there are, after all, lots of judges and lots of cases – I do not recall an instance when the City offered to submit interrogatories in lieu of a deposition for a witness on the other side of the case in which the City was appearing. But here we are, with the Mayor joining a long line of public servants across a dizzyingly diverse spectrum – *see, e.g., Trump v. Vance*, 140 S. Ct. 2412, 2420 (2020); *Clinton v. Jones*, 520 U.S. 681 (1997); *United States v. Nixon*, 418 U.S. 683 (1974); *United States v. Burr*, 25 F.Cas. 187, 192, (No. 14694) (CC Va. 1807) – in arguing that they should be regarded much differently than ordinary citizens with busy, stressful and taxing lives (and no support staff to smooth their ways through it). And, so, the City is reminded, unadorned, boilerplate objections are tantamount to no objections and operate as a waiver. And that is how they will be treated. *See, e.g.,* Fed.R.Civ.P. 33(b)(4)("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)(court did not abuse its discretion in deeming facts admitted where plaintiff "provided only boilerplate objections, such

as 'relevance' and 'vague and ambiguous.' "); *Zambrano v. Sparkplug Capital*, LLC, 2020 WL 1847396, at *1 (N.D. Ill. 2020); *Hangzhou Aoshuang E-Com. Co. v. 008fashion*, 2020 WL 11401648, at *7 (N.D. Ill. 2020). By the same token, and in light of the tone of the joint response brief, [105], the plaintiff and Defendant, Johnson, ought not to think they can use their interrogatories as an opportunity to embarrass or harass the Mayor. Counsel and their clients should not forget that here, as in all cases, it is only the relevant facts that are critical. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)*; Barnhart v. Thomas*, 540 U.S. 20, 29 (2003); *Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020).

The applicable Local Rules of the Northern District of Illinois require that counsel for all sides act in "good faith" in attempting to resolve any discovery problems they might have. It belabors the obvious to say that the Rule has meaning and requires a good deal more than token observance. The "good faith" mandated by Local Rule 37.2 is not an empty form of words. *See, e.g., Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

Counsel for plaintiff and counsel for defendant, Johnson, have indicated that they are not fond of Rule 37.2's meet-and-confer requirement. [Dkt. # 109, at 2, 9]. But their attitude and preference in this regard are of no legal consequence. This, like other rules of court, govern the

business they have chosen, and they are not  at liberty to choose the ones they like and will abide

by.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/3/22

7