IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA DONALD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 6815 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Non-party, Keion Feazell, has filed a Motion to Quash a Subpoena from the defendants in this case. The subpoena seeks Mr. Feazell's cellphone for imaging, all emails between him and Plaintiff, Cynthia Donald, from January 1, 2018, through the present, and all pictures of Plaintiff, Donald, from January 1, 2018, through the present. For the following reasons, the motion to quash [Dkt. #140] is denied.

At the outset, it has to be said that Mr. Feazell's motion is skeletal, at best, despite the fact that the Seventh Circuit has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). *See also Swyear v. Fare Foods Corp.*, 911 F.3d 874, 886 (7th Cir. 2018)(skeletal arguments deemed waived). The Motion asserts, without explanation, that the information sought is not relevant to the underlying action and, as such, the only purpose of the subpoena must be to harass the plaintiff and characterize her relationship with Mr. Feazell as scandalous. Beyond that, the motion cites a case from the Sixth Circuit and one from the Eastern District of Michigan. Whatever value those cases have in the Sixth Circuit, we are required to follow

cases in the Seventh Circuit and the Northern District of Illinois. *Cf. United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994)("A district court in [Illinois] must follow [Seventh Circuit] decisions, but it owes no more than respectful consideration to the views of other circuits."). But, as we shall see, far more important is what the motion does not say.

Fed.R.Civ.P. 45 of the Federal Rules of Civil Procedure governs subpoenas directed to nonparties to litigation. While the public is entitled to everyone's evidence, *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996); 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed. 1940), use of subpoenas to obtain evidence is not unlimited, especially when the target is a nonparty. "In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *United States ex rel. Tyson v. Amerigroup Illinois*, Inc., 2005 WL 3111972, at *4 (N.D. Ill. 2005). *See also Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *2 (N.D. Ill. 2020); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013). "Non-parties are afforded this consideration because they have a different set of expectations than parties.... While parties to a lawsuit must accept the invasive nature of discovery, non-parties experience an unwanted burden." *HTG Capital Partners, LLC v. Doe(s)*, 2015 WL 5611333, at *3 (N.D. Ill. 2015). And, in the end, as with all discovery matters, the decision to quash a subpoena lies within the extremely broad discretion of the district court. *Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). In exercising that discretion, the concept of relevance plays a critical and indispensable role. *See, e.g., Ambrose v. Roeckeman*, 749 F.3d 615 621 (7th Cir. 2014); *United States v. Roger*s, 587 F.3d 816, 821 (7th Cir. 2009).

As it turns out, Mr. Feazell's motion was likely skeletal deliberately, as it omitted a fair amount of detail, and it turns out the subpoenaed information certainly is relevant to the underlying case. Plaintiff is claiming that her sexual relationship with Defendant Johnson was non-consensual, and that due to sexual harassment from Defendant, Johnson, she suffered and still suffers severe emotional distress, to the extent that she rarely leaves her home. So, communications from plaintiff to Mr. Feazell – both plaintiff and Mr. Feazell have testified at deposition that they were close friends – about Defendant Johnson and about social outings she and Mr. Feazell had with Mr. Johnson are certainly "relevant." Any positive statements plaintiff made regarding Defendant, Johnson might undermine her claims about their relationship. Also, the fact that she went on two vacations with Mr. Feazell, and photos of her enjoying herself on those trips, could tend to contradict her claims about the severity of her emotional distress. The matter is obviously not one of complexity, and the lawyers in this case should be able to arrive at a mutually acceptable agreement without judicial intervention. It should not be forgotten that needless requests for judicial attention unnecessarily divert time from litigants in other cases. *See Channell v. Citicorp National Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Service, Inc.*, 823 F.2d 1073, 1077 (7th Cir. 1987).

Accordingly, the motion to quash is denied. As these are personal and potentially sensitive matters, the attorneys should work out the appropriate protocols to protect privacy interests as best they can. The matter is anything but complex and counsel should be able to come to an agreement without hand-holding from the court. *Cf. Kinon Surface Design, v. Hyatt International Corp.*, No. 19 C 7736, 2022 WL 787956, at *3 (N.D. Ill. Mar. 15, 2022); *Williams v. Ests. of Hyde Park, LLC*, 2020 WL 5702297, at *1 (N.D. Ill. 2020). To their credit, the defendants have at least offered some

3

workable solutions. [Dkt. #146, Pars. 23, 24]. Mr. Feazell and counsel did not, preferring to issue an ultimatum instead. [Dkt. #141, Par. 12 ("Feazell through the undersigned did request of Defendant Johnson (through his counsel) that the subpoena be withdrawn, to no avail."]. That they made no attempt to compromise on this matter and avoid needlessly taking up the court's time with it is made ever clearer in their reply brief, in which Mr. Feazell says he is changing his motion to quash to a motion to quash in part. In short, what Mr. Feazell has done here is not the type of good faith negotiating expected of attorneys and their clients to work out their discovery squabbles *before* filing discovery motions. *See, e.g., Gunn v. Stevens Security & Training Servs*., Inc., 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc*., 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp*., 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" is not good faith). Mr. Feazell and counsel should bear that in mind going forward.

Because, after three briefs, the court cannot be sure of what Mr. Feazell still "quarrels" with – as he puts it – regarding the subpoena and what he doesn't, or whether his position will change again the motion must be denied in total. Perhaps, as Mr. Feazell's reply brief seems to suggest, compromises can be made regarding production of emails and texts and imaging of Mr Feazell's phone. Status hearing set for ten days from the date of this order for the two sides to report their progress.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/18/22