IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA DONALD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 6815 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a suit against the City of Chicago and Eddie Johnson, the former Superintendent of Police. However, Ms. Donald has claimed that a prior meeting with Thomas Needham, who is the lawyer for Eddie Johnson, was held under the auspices of the attorney-client privilege in which he was acting as her counsel as well Mr. Johnson's lawyer, and thus she cannot be questioned about conversations she may have had with Mr. Needham. The City contends the conversation was not privileged. [Dkt. ##153, 155, 156]. The fact that Ms. Donald has filed an Affidavit purporting to support her legal claim [Dkt. #155-1] is neither decisive nor persuasive under the circumstances of this case.

The fact that a witness swears that a statement is true – or false – is never the end of the matter and does not by itself require the judge or trier of fact to conclude that it is. After all even lawyers are not always honest even under oath. *See, e.g. Fed. Trade Comm'n v. Advoc. Health Care Network,* 162 F. Supp. 3d 666, 671 (N.D. Ill. 2016); *Tellabs Operations, Inc. v. Fujitsu Ltd.,* 283 F.R.D. 374, 379 (N.D.Ill.2012). While Ms. Donald's affidavit of July 27, 2022 concludes that she had an attorney-client relationship with attorney Thomas Needham, her deposition in this case in October or November 2019 tells a very different story. *See* Dkt. #153 at 2-4. Neither literary

perversity of jaundiced partisanship could remotely suggest that at her deposition she said anything that would lead one to believe – let along conclude – that she and Mr. Needham enjoyed an attorney-client relationship. It is obviously not sufficient merely to conclude that a professional relationship existed. But "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020). Nothing in her deposition would support her current claim regarding that relationship. Quite the contrary. Concluding that merely because a person swears that an event occurred, does not mean that in fact that is what happened. One need only recall that after all, at a trial, the contending parties each "swear" to a very different version of events and each insists that his or her version is the "truth." But of course, both sworn versions cannot be the truth, and a tier of fact must choose between them. Similarly, experience unfortunately teaches that all too often Declarations and Affidavits in discovery are drawn to conceal rather than reveal the truth. Even affidavits or sworn declarations of lawyers are not presumptively or necessarily true and accurate. Quite the contrary. *See supra.* In short, the fact that Ms. Donald, has now provided an "Affidavit" in which she claims that she thought that Tom Needham was acting as her lawyer during his meeting with her in the Fall of 2019 does not answer the question whether what was said at that meeting falls within the ambit of the attorney-client privilege. [Dkt. #155]. I find that the evidence does not support her claim of privilege.

Since the attorney-client privilege, like other testimonial exclusionary rules and privileges "outweigh the need for probative evidence," they are not lightly created and routinely recognized.

*Trammel v. United States,* 445 U.S. 40, 51 (1980). Inasmuch as "[t]estimonial exclusionary rules and privileges contravene the fundamental principle that 'the public ... has a right to every man's evidence,' " *id.,* at 50, any such privilege must "be strictly construed." *See also University of Pennsylvania v. E.E.O.C*., 493 U.S. 182, 189 (1990). Evidentiary privileges in litigation are not favored. "Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed for they are in derogation of the search for the truth." *United States v. Nixon,* 418 U.S. 683, 710 (1974). *See also Pierce County, Wash. v. Guillen,* 537 U.S. 129, 144–145 (2003); *University of Pennsylvania v. EEOC,* 493 U.S. 182, 189 (1990).

In sum, based on a careful review of the submissions in this case, the plaintiff's attempted invocation of the attorney-client privilege is improper. While the attorney-client privilege may be the oldest of the recognized privileges for confidential communications, and play a "vital role" in the administration of justice, *American National Bank & Trust Co. Of Chicago v. Equitable Life Assurance Society of the U.S.*, 406 F.3d 867, 878 (7th Cir. 2005), the privilege is not to be applied where it does not apply and we are constrained to say that Ms. Donald's attempted assertion of the privilege is neither justified nor timely.

Accordingly, the plaintiff's assertion of the attorney-client privilege in connection with her communications with Thomas Needham is rejected.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/30/33