**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CYNTHIA DONALD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 20 C 6815** |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

On August 19, 2022, plaintiff filed a motion to disqualify defense counsel for the City of Chicago from representing City employee and licensed clinical professional counselor Lisa Mullings. On August 30, 2022, Judge Bucklo referred the motion to me for a Report and Recommendation. For the following reasons, it is recommended that Judge Bucklo deny the plaintiff's motion. Under Fed.R.Civ.P. 72, parties have 14 days to file objections to this report and recommendations. The District Judge must consider the objected-to portions of the report and recommendation *de novo*, and must review the remainder of the Report and Recommendation for clear error. *White v. Sloop*, 772 F. App'x 334, 337 (7th Cir. 2019). Failure to file such objections in a timely manner waives appellate review of the report and recommendation's factual and legal conclusions. *Tumminaro v. Astrue*, 671 F.3d 629, 631 (7th Cir. 2011).

In 2019 and 2020, the plaintiff had sessions with Chicago Police Department licensed clinical professional counselor Lisa Mullings. In her response to defendants' interrogatories, plaintiff identified Ms. Mullings as someone who counseled her for the emotional distress she suffered from Defendant Johnson's sexual assaults and harassment. Plaintiff's counsel noticed the June 9, 2022

deposition of Ms. Mullings way back on May 18, 2022. Plaintiff's counsel wanted to discuss plaintiff's treatment with Ms. Mullings just prior to the June 9 deposition, but Mulling informed plaintiff's counsel that, at a department employment, she was represented by the defendants' attorneys. Plaintiff's counsel accused the defendants' attorneys of having *ex parte* communications with Ms. Mullings and demanded that defense counsel fully disclose all such communications and allow plaintiff's counsel to speak with Ms. Mullings outside of defense counsel's presence. [Dkt. #166, at 2-3; #166-4].

Plaintiff's counsel then did nothing for over two months. [Dkt. #166, at 2-3; #167, at]. Finally, as the September 30th deadline for fact discovery approached, plaintiff's counsel filed this somewhat breathless motion seeking to disqualify the City of Chicago's counsel from representing Ms. Mullings. "A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Kafka v. Truck Ins. Exch.*, 19 F.3d 383, 386 (7th Cir. 1994). The lengthy 70-day delay and seemingly casual attitude toward the purportedly dire circumstances counsel against granting the plaintiff's motion. If it were as important as the plaintiff suggests, and not just an apparent strategic afterthought, plaintiff's counsel would have acted expeditiously. The tone of the motion doesn't help either. Plaintiff's counsel claims to have been "shocked" to learn that attorneys for the defendant City of Chicago were representing *City of Chicago employee* Ms. Mullings for her deposition? If he was, it was only in the sense that Captain Renault was shocked to learn there was gambling at Rick's Café Americain.

Plaintiff's motion is based in large part on an old Illinois appellate court case, *Petrillo v. Syntex Laboratories, Inc*., 148 Ill.App.3d 581, 499 N.E.2d 952 (1st Dist.1986). But, this is a federal question case, as the defendants point out, and state-law privileges are not "legally applicable" in

2

cases like this one. *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003); *Patterson v. Caterpillar*, *Inc.*, 70 F.3d 503, 506 (7th Cir.1995). Plaintiff does not dispute this, but cites *Miles v. Farrell*, 549 F. Supp. 82, 83 (N.D. Ill. 1982) for the proposition that "the Federal Rules do not permit ex parte interviews of plaintiff's treating physicians." But, again, Ms. Mullings is defendant's employee. Neither *Miles v. Farrell*, 549 F. Supp. 82, 83 (N.D. Ill. 1982) nor the other case plaintiff relies on, *Doe v. City of Chicago*, No. 96 C 5739, 1998 WL 386352, at *1 (N.D. Ill. July 7, 1998), involved medical providers who were the employees of the defendants. As the Seventh Circuit has said:

> We doubt that *Petrillo* had in mind a situation where the plaintiff's physician is the defendant's employee (in *Petrillo* there was no affiliation between the physician and the adverse party). How could a court demand that the [defendant] have no contact with its staff physicians, or even that [its] lawyers not talk with federal physicians (who may be needed as witnesses in many cases pending simultaneously)?

*Ueland v. United States*, 291 F.3d 993, 999 (7th Cir. 2002). *See also Pettit v. United States*, No. 2:13CV253, 2015 WL 5124869, at *4 (N.D. Ind. Aug. 31, 2015)(". . . counsel for the United States was and is authorized to speak privately with federal employee physicians regardless of contrary Illinois law in *Petrillo*.").

Plaintiff also raises Model Rule 1.7, applicable through N.D.Ill.L.R. 83.50, claiming there is a significant risk that defense counsel's representation of the City of Chicago will materially limit their responsibilities to Ms. Mullings[1] because Ms. Mullings will "claim" that the defendants are the

---

[1]Because the plaintiff waited over two months to file this motion, it's doubtful that any risk will materialize in terms of Ms. Mullings' proposed deposition. The resultant briefing and consideration of plaintiff's motion have made it unlikely that the deposition will be rescheduled before the September 30th deadline. That's a deadline that has already been extended five times [Dkt. ##78, 92, 101, 152, 161] for a total of *a full year's worth of extensions*. [Dkt. #39]. The parties have been warned, repeatedly, about meeting the previous deadlines – including the proverbial "THIS IS THE FINAL EXTENSION OF THE DISCOVERY SCHEDULE" order [Dkt. #145] – to no avail. [Dkt. ##97, 103, 145, 152, 161]. Given that history, plaintiff ought not to waited so long after being "shocked" to file this motion and certainly ought not

reason plaintiff sought counseling. According to Comment 23 to Model Rule 1.7, paragraph (b)(3) prohibits representation of *opposing parties* in the same litigation, regardless of the clients' consent. The comment goes on to explain that simultaneous representation of parties on the same side, such as coplaintiffs or codefendants, is governed by paragraph (a)(2). The situation here is the representation of an employee at a deposition. She's not a party and she isn't, contrary to plaintiff's expansive interpretation of the word, making a "claim" against the defendants. So, paragraph (b) is not implicated. *See Guillen v. City of Chicago*, 956 F. Supp. 1416, 1426 (N.D. Ill. 1997)(collected cases). However, as in *Guillen*, it is recommended that the court should, in its discretion, have defense counsel file an affidavit that the risks and advantages of common representation have been fully disclosed to Ms. Mullings and defendants. *Guillen*, 956 F. Supp. at 1426-27, 1429–30; see also Comments 14-17 ("Ordinarily, clients may consent to representation notwithstanding a conflict . . . .").

       For the foregoing reasons, it is recommended that the plaintiff's motion to disqualify counsel [Dkt. #166] be denied.

**ENTERED:** _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/20/22

---

to have assumed discovery would be extended a sixth time.

4