**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3**
**Eastern Division**

Cynthia Donald
                              Plaintiff,

v.                                                                 Case No.: 1:20−cv−06815
                                                                   Honorable Elaine E. Bucklo

City Of Chicago, et al.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 11, 2022:

        MINUTE entry before the Honorable Jeffrey Cole: The defendant City has filed an "Amended Motion for an Independent Examination of the Plaintiff" pursuant to Fed.R.Civ.P. 35(a). Dkt. #[180]. Given scheduling issues, an expedited ruling is in order. The defendant is actually seeking *two* separate psychological examinations. First, it wants a day of neuropsychological testing done by a psychologist. Thereafter, there is to be an examination by a psychiatrist on another day. [Dkt. #180, at 3]. The plaintiff has objected to the scope of defendants' proposal and wants no more than four hours of examination or testing, wants her treating psychiatrist to attend, and wants the entire process recorded at the defendants' expense. Dkt. #[181]. For the following reasons, the defendant's motion Dkt. #[180] is granted. The plaintiff's expert has conducted a review and examination of the plaintiff and has submitted a report that: (1) plaintiff did not have the capacity to consent to a sexual relationship with Defendant Johnson because she lacked the ability to refuse due to intimidation or pressure and misuse of authority; (2) as a result of sexual harassment/assaults by Defendant Johnson, plaintiff developed posttraumatic stress disorder, major depressive disorder and alcohol misuse disorder; (3) actions of staff at the Chicago Police Department and other government officials have materially contributed to, and exacerbated plaintiff's psychiatric conditions; and (4) as a result of sexual harassment/assaults by Defendant Johnson and actions of staff at the Chicago Police Department and other government officials, plaintiff's professional self−confidence has been severely eroded, which will hamper her future career. It's a sweeping report, and goes to the heart of plaintiff's allegations. As such, the court will not impose a four−hour limit on the examination. The type of process the defendant proposes neuropsychological testing with interview to follow is not uncommon. *See, e.g., Fuller v. Wilkie,* 2020 WL 11269899, at *1 (N.D. Ill. Dec. 7, 2020); *Painter v. Atwood,* 2013 WL 5428059, at *3 (D. Nev. Sept. 26, 2013); *Ashley v. City & Cnty. of San Francisco,* 2013 WL 2386655, at *3 (N.D. Cal. May 30, 2013); *Ayat v. Societe Air France,* 2007 WL 1120358, at *7 (N.D. Cal. Apr. 16, 2007); *Smith v. Potter,* 2006 WL 1174061, at *2 (D. Kan. May 2, 2006). Similarly, the court does not find the plaintiff is entitled to have a representative at the testing and interview, or to have the processes recorded. *See, e.g., Powers v. Chase Bankcard Servs., Inc.,* 2011 WL 1882365, at *3 (S.D. Ohio May 17, 2011); *Morrison v. Stephenson,* 244 F.R.D. 405, 407 (S.D.Ohio 2007); *Ayat v. Societe Air France,* 2007 WL 1120358, at *7 (N.D. Cal. Apr. 16, 2007); *Tomlin v. Holecek,* 150 F.R.D. 628

(D.Minn.1993). The presence of a representative or recording device would (1) potentially invalidate the examination results; (2) fail to provide the proverbial "level playing field," as plaintiff was not required to tape record her examinations with her own expert; and (3) tend to create an adversarial environment during an evaluation that should be neutral. *See Ayat,* 2007 WL 1120358, at \*7; *Tomlin v. Holecek,* 150 F.R.D. at 631–33 (D.Minn.1993). Needless to say, that goes for defendant's counsel as well; they have no place at these examinations either. Emailed notice (yt)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.